# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

WILLIE LOUIS PARSON,

    Petitioner,

v.                                                             CIVIL ACTION NO.: CV214-037

SUZANNE R. HASTINGS, WARDEN,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willie Parson ("Parson"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Parson filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Parson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Parson was convicted, after a jury trial, in the Southern District of Florida of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Parson received a mandatory life sentence based on drug quantities determined during sentencing. The Eleventh Circuit Court of Appeals affirmed Parson's conviction and sentence. United States v. Hutchins, 193 F.3d 525 (11th Cir. 1999) (Table).

Parson filed a motion to vacate, correct, or set aside his conviction, pursuant to 28 U.S.C. § 2255, in the Southern District of Florida. Parson asserted that his mandatory life sentence was in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because his sentence was based on a drug quantity not alleged in the indictment. The trial court found that Apprendi is not retroactively applicable to cases on collateral review and dismissed Parson's motion. (Doc. No. 8, Exh. D). The trial court and the Eleventh Circuit denied Parson a certificate of appealability. (Doc. No. 8, p. 2).

In this petition, Parson alleges that his sentence exceeds the otherwise applicable statutory sentence based on a drug quantity not charged in the indictment or found by a jury. Parson cites Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), in support of his allegations. Respondent contends that Parson's petition should be dismissed because he does not satisfy the savings clause of 28 U.S.C. § 2255.

### **DISCUSSION AND CITATION OF AUTHORITY**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). "Although a prisoner may not file a second or successive § 2255 motion without permission from the court of appeals, 28 U.S.C § 2255(h), a prisoner who is otherwise barred from filing a second or successive motion to vacate may challenge his custody in a § 2241 petition [invoking the savings clause] if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention,' [as

2

established in] 28 U.S.C. § 2255(e)." Taylor v. Warden, FCI Marianna, No. 13-13045, 2014 WL 803040, at *2 (11th Cir. Mar. 3, 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that

3

squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Parson brought these same claims in his § 2255 motion, which was dismissed. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). Parson could bring a second or successive § 2255 motion pursuant to § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

However, Parson does not point to any newly discovered evidence. In addition, Parson does not rely upon a retroactively applicable Supreme Court decision. "The Alleyne Court's decision to overrule Harris [v. United States, 536 U.S. 545 (2002),] was based largely on its reading of its earlier opinion in Apprendi v. New Jersey, 530 U.S. 466 [ ]

4

(2000)." United States v. Harris, 741 F.3d 1245, 1249 (11th Cir. 2014). The Eleventh Circuit "held that the Apprendi rule does not apply retroactively." Starks v. Warden, FCC Coleman-USP I, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013); see also Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006) ("Apprendi does not apply retroactively in the context of a 28 U.S.C. § 2241 petition."); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001) (holding that Apprendi does not apply retroactively to claims raised in a § 2255 motion). Thus, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Chester v. Warden, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity." Harris, 741 F.3d at 1250 n.3 (citations omitted).

The decision in Schriro v. Summerlin, 542 U.S. 348 (2004), upon which Parson also relies, offers him no relief. The opinion in Schriro supports the determination that decisions based upon Apprendi are not retroactively applicable on collateral review. The Supreme Court held in Schriro that the decision in Ring v. Arizona, 536 U.S. 584 (2002)—a case also based upon the principle established in Apprendi—"announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at 358.

5

Furthermore, the Eleventh Circuit held, "that the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert v. United States, 640 F.3d 1290, 1323 (11th Cir. 2011). Parson faced a statutory maximum of life imprisonment. See 21 U.S.C. § 841. His sentence does not exceed this maximum.

Because Parson relies upon Alleyne, his claims are not based upon a retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause. Parson fails to prove that his prior § 2255 motion was inadequate or ineffective to test the legality of his detention and his petition cannot proceed under § 2255(e). Therefore, Parson does not satisfy the savings clause, and the Court need not address the relative merits of his section 2241 petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Parson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE